IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN A. COCHRAN III,<br><br>Plaintiff,<br>v.<br><br>NORTHWEST INVESTMENT HOLDINGS, LLC; KRISTEN S. BERNARD,<br><br>Defendants. | Case No.: 3:26-cv-01842-AN<br><br>OPINION AND ORDER |

On September 3, 2026, plaintiff John A. Cochran III, who is self-represented and thus proceeding pro se,[1] filed this action against defendants Northwest Investment Holdings, LLC and Kristen S. Bernard. Plaintiff seeks declaratory and injunctive relief, including a temporary restraining order ("TRO") and preliminary and permanent injunction. *See* Compl., ECF 1. For the reasons set forth below, the complaint is DISMISSED for lack of subject-matter jurisdiction. Plaintiff's request for a TRO and any other outstanding requests are DENIED as moot.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir.1989). Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.,* 192 F.3d 1260, 1264 (9th Cir.1999). A federal court may exercise jurisdiction over a claim only if

[1] Pleadings filed by self-represented litigants "are held to a less stringent standard than those drafted by lawyers." *Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at *2 (D. Or. Dec. 16, 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "In cases involving a [self-represented] plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt." *Kali v. Bulk Handling Sys.*, No. 6:18-cv-02010-AA, 2019 WL 1810966, at *4 (D. Or. Apr. 23, 2019) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)). However, the Court notes that here, plaintiff has legal training and extensive legal experience.

federal-question jurisdiction or diversity jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332(a)(1). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citation omitted).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112-13 (1936)); *see also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (explaining that "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."). Moreover, a private individual may sue under a federal statute only if Congress intended to create a private right of action. *See Gonzaga University v. Doe*, 536 U.S. 273, 281-83 (2002).

Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction when the amount in controversy exceeds $75,000 and the parties are citizens of different states. Complete diversity requires that no plaintiff share state citizenship with any defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For individuals, citizenship is determined by domicile, which is a person's "permanent home, where [one] resides with intention to remain or to which [one] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both its state of incorporation and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is generally its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

A court may also dismiss a complaint sua sponte for failing to satisfy the pleading standards under Federal Rule of Civil Procedure 8. *See Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each allegation be "simple, concise, and direct." Fed. R. Civ. Pro. 8(a)(2), (d)(1). "A complaint that is verbose, conclusory and confusing does not comply with Rule 8(a)(2)." *Newsom v.*

*Wal-Mart Stores, Inc.*, No. CV-F-09-663 OWW/GSA, 2009 WL 1844351, at *1 (E.D. Cal. June 23, 2009) (citing *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir.1981)).

A complaint must also allege, with some degree of particularity, overt acts by the defendants that support each claim. *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Even when the factual elements of a claim are present, dismissal under Rule 8(a)(2) is appropriate if the allegations are scattered throughout the complaint and are not organized into a short and plain statement of the claim. *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir.1996). A complaint must identify, for example, "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Id.*

## BACKGROUND

This action concerns real property located at 42912 East Larch Mountain Road in Corbett, Oregon (the "Property"). Plaintiff alleges that, in early 2025, defendant Bernard deceived him into paying $80,000. Compl. at 1, 7. Plaintiff alleges that he subsequently paid defendants more money, totaling $110,000. *Id.* at 9. According to plaintiff, after paying the initial $80,000, he became entitled under an "Agreement" to purchase the Property for $405,000. *Id.* at 2. Plaintiff further alleges that he "put a large down payment [on the Property] and has a mortgage interest in the home or that of a land sale cont[r]act and not a lease option." *Id.* at 3.

In March 2025, plaintiff received notice that the Property was in active foreclosure and that an auction was scheduled for August 2025. *Id.* at 1-2. In January 2026, Bernard informed plaintiff that the Property had a potential buyer and "forced the [plaintiff] to leave the residence." *Id.* at 3. Plaintiff alleges that he currently has access to the Property. *Id.*

Plaintiff seeks declaratory and injunctive relief and asserts claims for fraud and misrepresentation, unjust enrichment, and conversion. *Id.* at 8-10. Plaintiff also alleges that defendants violated the Real Estate Settlement Procedures Act ("RESPA"), the Home Ownership and Equity Protection Act ("HOEPA"), the Truth in Lending Act ("TILA"), "and other federal banking laws." *Id.* at 5. Plaintiff further requests a TRO and preliminary injunction to "prevent Defendant from selling the Property." *Id.* at 1, 11.

## DISCUSSION

Defendants have not appeared in this action, and the record does not establish whether they have been properly served. Nevertheless, the complaint must be dismissed for the reasons set forth below.

### A. Subject-Matter Jurisdiction

First, the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. Pro. 12(h)(3). The complaint fails to allege facts sufficient to establish either federal question jurisdiction or diversity jurisdiction.

*1. Federal Question Jurisdiction*

The complaint cites federal criminal fraud statutes, 18 U.S.C. §§ 1341 and 1343. Compl. at 4. These provisions criminalize mail fraud and wire fraud, respectively, but do not create a private right of action. Accordingly, plaintiff cannot bring a civil claim based on an alleged violation of either statute. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal provisions under Title 18 of the United States Code "provide no basis for civil liability"); *see also Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (holding that there is "no separate private right of action for mail fraud under 18 U.S.C. [§] 1341"); *Reyes v. Flagg*, No. 218-CV-01727-GMNBNW, 2020 WL 5645326, at *2 (D. Nev. Sept. 22, 2020), report and recommendation adopted, No. 218-CV-01727-GMNBNW, 2020 WL 6152972 (D. Nev. Oct. 20, 2020) (explaining that courts have consistently held that the mail and wire fraud statutes do not confer private rights of action) (collecting cases).

Plaintiff also alleges that Bernard "violated RESPA, HOEPA, TILA and other federal banking laws" through "deceptive business conduct and misrepresentation." Compl. at 5. However, plaintiff does not identify any specific provisions of these statutes that Bernard allegedly violated or explain how the alleged conduct violated them. "Passing references to federal statutes, without more, is insufficient to establish federal question jurisdiction." *Stewart v. Mortg. Elec. Registration Sys., Inc.*, No. CV. 09-687-PK, 2010 WL 1055131, at *7 (D. Or. Feb. 9, 2010), report and recommendation adopted, No. CIV. 09-687-PK, 2010 WL 1054775 (D. Or. Mar. 19, 2010); *see Polkey v. Waste Mgmt. of Wa., Inc.,* No. C09–0447–JCC, 2009 WL 1936257, at *3 (W.D. Wa. July 6, 2009) (holding that vague, ambiguous, or passing references to federal law are insufficient to establish federal question jurisdiction); *Matthews v. Stewart,*

207 F.Supp.2d 496, 499 (M.D. La.2001) (concluding that casual references to federal statutes did not raise a federal question).

Even if plaintiff had identified the specific statutory provisions under which he seeks relief, the complaint fails to allege facts establishing a viable private cause of action under RESPA, HOEPA, or TILA.

Under RESPA, "[o]nly borrowers may assert [] claims." *Richardson v. First Centennial Mortgage Corp.*, No. EDCV171944JVSSPX, 2018 WL 11346757, at *5 (C.D. Cal. Nov. 19, 2018); *see also Aldana v. Bank of Am.*, No. CV 14-7489-GHK FFMX, 2014 WL 6750276, at *3 (C.D. Cal. Nov. 26, 2014) ("a defendant's liability in a civil action under RESPA is limited to borrowers" (quoting *Correa v. BAC Home Loan Servicing, LP*, 853 F. Supp. 3d 1203, 1207 (M.D. Fla. 2012)). Further, "claims brought under RESPA can only lie against a servicer of a mortgage." *Fay v. Mortgage Electronic Registration Systems Inc.*, No. C11-5458BHS, 2012 WL 993437, at *3.

Similarly, "[u]nder TILA, a borrower may state a claim for damages only against a 'creditor.' 15 U.S.C. § 1640(a). A creditor is a person who 'regularly extends ... consumer credit' *and* 'is the person to whom the debt arising from the consumer credit transaction is initially payable.' 15 U.S.C. § 1602(g)." *Moreno v. Bank of America, N.A.*, No. 3:11-CV-1265-HZ, 2012 WL 1462338, at *7 (D. Or. Apr. 27, 2012). HOEPA, which amends TILA, provides protections for borrowers who enter into certain high-cost mortgage transactions. *See Runaj v. Wells Fargo Bank*, 667 F. Supp. 2d 1199, 1208 (S.D. Cal. 2009).

Here, plaintiff does not allege facts establishing that he is a borrower under any of these statutes or that defendants qualify as mortgage servicers or creditors subject to liability under the cited provisions. Accordingly, the complaint fails to establish a viable claim under RESPA, HOEPA, or TILA. Plaintiff therefore has not established federal question jurisdiction based on these statutes.

*2. Diversity Jurisdiction*

The complaint also fails to establish diversity jurisdiction. The amount in controversy requirement is not at issue because plaintiff seeks, at minimum, the return of $80,000. Compl. at 6. However, the allegations do not establish complete diversity of citizenship. Although plaintiff's domicile is unclear, the complaint suggests that he may be a citizen of either Washington or Oregon. Plaintiff's address at the time

of filing appears to be in Washington. *See id.* The complaint also alleges that defendant Northwest Investment Holdings, LLC is headquartered in Washington, which would defeat complete diversity. *Id.* at 4.

Alternatively, plaintiff alleges that he "did reside in Oregon at the Property for some time." *Id.* Even if plaintiff is domiciled in Oregon, the complaint alleges that defendant Kristen Bernard is the "Owner and Principal" of Northwest Investment Holdings, LLC in Oregon, which would also defeat complete diversity. *Id.* at 4-5. Bernard's physical presence in Washington at the time of the alleged payment does not, by itself, establish her citizenship. Accordingly, the complaint fails to allege facts sufficient to establish diversity jurisdiction.

**B. Pleading Requirements**

The complaint also fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8 and must be dismissed.[2] The factual allegations are disorganized, and although the complaint references various statutes and other laws, it is difficult to discern the legal theories plaintiff seeks to pursue and the relief he requests. For example, the complaint invokes several federal statutes throughout its factual allegations but fails to explain how the alleged violations entitle him to relief or identify the specific relief sought for each alleged violation. "It is not the Court's duty to parse plaintiff's complaint for possible claims." *Cox v. Randazza*, No. 2:13-CV-00297-MMD, 2013 WL 6408736, at *10 (D. Nev. Nov. 27, 2013).

## CONCLUSION

For the reasons stated herein, plaintiff's complaint and all claims against defendants Northwest Investment Holdings, LLC and Kristen Bernard will be DISMISSED without prejudice for lack of subject-matter jurisdiction unless plaintiff timely files an amended complaint. *See Hampton v. Pac. Inv. Mgmt. Co.*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction … must be without prejudice."). Plaintiff is granted leave to file an amended complaint within thirty (30) days, or no later than December 7, 2026. Any amended complaint must be complete in itself, without reference to the

[2] The complaint also contains a discrepancy in its dates. The docket reflects a filing date of September 3, 2026, but the signature date on the complaint is August 26, 2025. *See* Docket; Compl. at 12.

complaint dismissed herein, and must state a claim upon which relief can be granted. The amended complaint must allege sufficient facts to support each claim and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks omitted). If plaintiff does not file an amended complaint within thirty days, judgment will be entered without further notice.

IT IS SO ORDERED.

DATED this 5th day of November, 2026.

Adrienne E Nelson

Hon. Adrienne Nelson
United States District Judge